a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JARVIS BROWN, Petitioner | CIVIL DOCKET NO. 1:20-CV-885-P |
| VERSUS | JUDGE DRELL |
| CHRIS McCONNELL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Jarvis Brown (#08200-028) ("Brown"). Brown is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Brown challenges a disciplinary conviction.

Because Brown has not indicated whether he lost good time credits or established that he exhausted his administrative remedies, he must AMEND the Petition (ECF No. 1).

I. Background

Brown alleges that that he received a disciplinary conviction in violation of his constitutional rights. Brown does not provide any facts indicating the nature or basis of the disciplinary charge or conviction. Also, Brown does not provide any evidence indicating he exhausted his administrative remedies in a procedurally proper manner.

II. <u>Instructions to Amend</u>

A district court has authority to grant a writ of habeas corpus if a prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. Although the statute does not explicitly require prisoners to exhaust available administrative remedies before filing a petition, the United States Court of Appeals for the Fifth Circuit has held that prisoners must exhaust available administrative remedies before seeking relief in court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). In order to satisfy the exhaustion requirement, "a prisoner must complete the administrative process in accordance with applicable procedural rules. . . ." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). As a result, inmates must exhaust their administrative remedies in a procedurally correct manner. *See Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

The BOP administrative remedy procedures are set forth in 28 C.F.R. §§ 542.10-542.18, which provides formal review of any complaint that relates to any aspect of the inmate's confinement. Under § 542.14(d)(2), Discipline Hearing Officer (DHO) appeals shall be submitted initially to the Regional Director where the inmate is located. *See* 28 C.F.R. § 542.14(d)(2) (2016). If the inmate is dissatisfied with the regional response, he or she may file a national appeal with the Office of General Counsel in Washington, D.C., within 30 calendar days of the date the Regional Director signed the response. *See* 28 C.F.R. § 542.15(a) (2016). Appeal to the Office of General Counsel is the final administrative appeal in the BOP process. *Id.*

Brown has not shown that he exhausted his administrative remedies in a procedurally proper manner. Brown must amend his Petition to show complete exhaustion of all claims at each level. *See Martin v. Young*, 607 F. App'x 421, 422 (5th Cir. 2015) (substantial compliance is insufficient to satisfy the requirements of exhaustion) (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)). Brown shall provide copies of his requests and the responses received at each step of the administrative process.

### III. Conclusion

Because it is unclear whether Brown properly exhausted administrative remedies, IT IS ORDERED that Brown amend his Petition (ECF No. 1) within 30 days of the filing of this Order to provide the information outlined above, or dismissal will be recommended under Rule 41(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 25th day of August 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE