UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JARVIS BROWN, Petitioner | CIVIL DOCKET NO. 1:20-CV-885-P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| CHRIS McCONNELL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by *pro se* Petitioner Jarvis Brown (#08200-028) ("Brown"). Brown is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Brown challenges a disciplinary conviction.

Because Brown's Petition and exhibits clearly demonstrate that he is not entitled to habeas relief, the Petition (ECF No 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. **Background**

Brown received an incident report from Psychology Technician K. Banks charging him with a violation of Code 229, sexual assault. ECF No. 7-1 at 11. According to the report, Brown was banging on the door to the education department despite a sign that read, "DO NOT KNOCK ON THE DOOR." ECF No. 7-1 at 11. Brown advised Ms. Banks that he was a safety orderly and needed to check the fire extinguisher and log book. *See id.* According to the report, Ms. Banks asked Brown

to see his safety binder. *Id.* Ms. Banks noticed that the psychology department was the only department that Brown had checked. When she asked Brown why he had not checked other departments, he "slid his left hand across the page until he groped [Ms. Banks's] right hand which was holding the bottom right side of the binder." *Id.* Ms. Banks notes: "Inmate Brown rubbed my hand in a very sexually [sic] way in order to achieve a physical gain of touching me without my permission or consent. I immediately said stop, as I proceeded to close the binder and give it back to inmate Brown; he then tried to grab my hand again by reaching around the bottom right corner of the binder." ECF No. 7-1 at 11.

At the disciplinary hearing, Brown testified that he never touched Ms. Banks. ECF No. 7-1 at 9. Instead, he claimed that he "pointed at the top right corner." *Id.* Brown stated, "If there was any contact, it was not in a sexual way." *Id.* And, "I was definitely not trying to assault her or sexually assault her." *Id.* The witnesses Brown called on his behalf provided no exculpatory testimony, as they did not see the interaction. *Id.*

According to the portion of the Disciplinary Hearing Officer's ("DHO") report provided with Brown's Amended Petition, Brown was convicted of another sexually related prohibited act less than 24 months prior to this incident. ECF No. 7-1 at 9. Specifically, Brown admitted writing a letter containing a "sexual proposal" to a female psychologist. *Id.* at 10.

Ultimately, Brown was convicted of violating Code 224, assault without serious injury. ECF No. 7-1 at 2. Brown was sanctioned with 35 days of disciplinary

segregation, 15 days of which were suspended pending clear conduct; three months loss of commissary privileges; two months loss of email privileges; 30 days loss of other privileges; and a $20.00 fine to deter future misconduct. ECF No. 7-1 at 10. Brown lost no good conduct time for the violation.

## II.   Law and Analysis

Rule 4 of the Rules Governing § 2254 Cases provides that "'[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.'" *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting the Rules Governing § 2254 Cases). This rule applies equally to cases brought under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

The Supreme Court has historically held that the due process clause is applicable to disciplinary proceedings only where a prisoner is threatened with a loss of good time. *See Wolff v. McDonnell,* 418 U.S. 539 (1974). That is, when a prisoner has a liberty interest in good time credit, revocation of such credit must comply with minimal procedural requirements. *See Henson v. United States Bureau of Prisons,* 213 F.3d 897, 898 (5th Cir. 2000).

However, absent a loss of good time or other atypical punishment, a prisoner does not have a basis for a federal lawsuit concerning a disciplinary action. *See Sandin v. Conner,* 515 U.S. 472, 486 (1995); *Malchi v. Thaler,* 211 F.3d 953, 957-58 (prisoner cannot demonstrate a due process violation in the prison disciplinary

context unless the disciplinary conviction resulted in the loss of previously earned good time credit). Loss of commissary, telephone, and visiting privileges do not trigger due process protections. *Id*. Furthermore, imposition of solitary confinement or disciplinary segregation, absent atypical punishment, does not trigger due process protection. *See Wilkinson v. Austin,* 545 U.S. 209 (2005). Brown does not show that his sanctions were atypical, and he did not lose good conduct time for the violation. Therefore, Brown cannot establish a due process violation.

Additionally, a prisoner may only use a habeas petition to challenge the fact or duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Cook v. TDCJ Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). There has been no change to the duration of Brown's sentence since he lost no good conduct time. Brown's sanctions are related to the conditions of his confinement. Such claims are not cognizable in a habeas petition. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody); *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987) (the core issue in determining whether a prisoner must pursue habeas corpus relief is whether he challenges the fact or duration of his confinement or merely the rules, customs, and procedures affecting conditions of confinement); *Orozco v. Laughlin*, 5:12-CV30, 2012 WL 6569763 (S.D. Miss. Oct. 11, 2012) (no due process implications since petitioner lost no good conduct time and was sanctioned with disciplinary segregation and loss of commissary privileges), *report and recommendation adopted*, 2012 WL 6568462 (S.D. Miss. Dec. 17, 2012).

III. <u>Conclusion</u>

Because Brown did not lose good conduct time as a result of the disciplinary hearing, his Petition does not challenge the fact or duration of his confinement or implicate due process concerns. Therefore, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 24th day of September 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE