**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **JARVIS BROWN,** Petitioner | **CIVIL DOCKET NO. 1:20-CV-885-P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **CHRIS McCONNELL,** Respondent | **MAGISTRATE JUDGE JOSEPH H.L. PEREZ-MONTES** |

**MEMORANDUM RULING**

The captioned matter is before the Court on remand from the United States Court of Appeals for the Fifth Circuit. [ECF No. 18]. For the reasons that follow, the remanded claim is DENIED AND DISMISSED.

**PROCEDURAL HISTORY**

Petitioner Jarvis Brown ("Brown") filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 asserting that he was denied due process of law in a prison disciplinary hearing. [ECF No. 1]. The Court denied and dismissed the Petition with prejudice, and Brown appealed. The Fifth Circuit affirmed the denial of Brown's habeas petition. *See Brown v. McConnell*, 20-30671, 2021 WL 5751450 (5th Cir. 2021). However, finding that this Court failed to "address whether Brown was denied a property interest or otherwise stated a cognizable civil rights claim," the Fifth Circuit remanded the case to this Court "to consider whether Brown has alleged a cognizable civil rights claim where a *Bivens* remedy is available." *Id.*

Page 1 of 6

## BACKGROUND

Brown is an inmate in the custody of the United States Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary in Pollock, Louisiana. Brown challenges a disciplinary conviction [Incident Report #3088393] from the United States Penitentiary – Atwater ("USP-Atwater").

The factual details of Brown's disciplinary charge are outlined in the REPORT AND RECOMMENDATION of the Magistrate Judge. [ECF No. 8]. Ultimately, Brown was convicted at USP-Atwater of violating Code 224, assault without serious injury. [ECF No. 7-1 at 2]. Brown was sanctioned with 35 days of disciplinary segregation, 15 days of which were suspended pending clear conduct; three months loss of commissary privileges; two months loss of email privileges; 30 days loss of other privileges; and a $20.00 fine to deter future misconduct. [ECF No. 7-1 at 10].

## DISCUSSION

Brown's disciplinary charge and conviction occurred at USP-Atwater in Atwater, California, which is located within the Eastern District of California. [ECF No. 7-1 at 2]. Prior to filing his § 2241 Petition in this Court, Brown filed a Complaint in the United States District Court for the Eastern District of California pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In that *Bivens* Complaint, Brown sued the officers who charged and convicted him of the disciplinary violations. Brown raised, among other claims, a due process claim based on the same disciplinary conviction at issue in this case [Incident Report #3088393]. *See Brown v. Matevousian*, 1:20-CV-00204, 2021 WL 1210002, at *9 (E.D.

Cal. Mar. 31, 2021), *report and recommendation adopted*, 2021 WL 3674620 (E.D. Cal. Aug. 19, 2021).

Therefore, at the time his § 2241 Petition was filed here, a *Bivens* claim arising out of the same disciplinary charge and conviction was pending in another district court. *See id.* That Court has since denied and dismissed Brown's complaint, and an appeal is pending in the United States Court of Appeals for the Ninth Circuit, No. 21-16446.

Accordingly, to the extent Brown also intends to raise a *Bivens* claim in this Court regarding the same disciplinary proceeding and alleged denial of due process, his claim is barred by the doctrine of res judicata.

Res judicata prevents "the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), 428 F.3d at 571. The doctrine of "res judicata," or claim preclusion, prevents a litigant from bringing a claim that previously has been adjudicated when four requirements are satisfied: (1) the parties in the latter case are identical to, or in privity with, the parties of the prior case; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior case concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both cases. *See United States v. Davenport*, 484 F.3d 321, 325-26 (5th Cir. 2007). When two cases "are based on the same nucleus of operative facts," the preclusive effect of a prior final judgment on the merits bars a party from bringing a new suit raising the same claim. *Id.* at 326.

Generally, res judicata is an affirmative defense that must be pleaded, not raised sua sponte. Fed. R. Civ. P. 8(c). However, the Fifth Circuit has recognized two limited exceptions to this rule. The first exception allows "[d]ismissal . . . in the interest of judicial economy where both actions were brought before the same court." *Mowbray v. Cameron Cty., Tex.*, 274 F.3d 269, 281–82 (5th Cir.2001 (quoting *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980)); *United Home Rentals, Inc. v. Tex. Real Estate Comm'n*, 716 F.2d 324, 330 (5th Cir.1983). The second applies "where all of the relevant facts are contained in the record . . . and all are uncontroverted. . . ." *Id.* (quoting *Am. Furniture Co. v. Int'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. 1981).

Brown provided this Court with a copy of the disciplinary charge and conviction that he challenges in both civil actions. It is clear that both cases: (1) involve Incident Report #3088393; (2) are based on events that took place at USP-Atwater on February 12, 2018; (3) involve the disciplinary hearing of February 22, 2018, at USP-Atwater; and (4) challenge the Disciplinary Hearing Officer Report and conviction of March 20, 2018. [ECF No. 7-1 at 10-12]. Although the named Respondent in this case is Warden McConnell at USP-Pollock, and the named Defendants in the California *Bivens* case are officers at USP-Atwater, the parties are in privity. Moreover, a *Bivens* claim here would certainly be based on the same nucleus of operative facts as the *Bivens* claim challenging the same disciplinary conviction in the California case.

Additionally Brown's *Bivens* claim in the Eastern District of California was denied and dismissed on the merits. *Brown*, 2021 WL 1210002, at *9 (finding that "[t]he Supreme Court has never extended *Bivens* in the context of a prisoner's due process claim arising out of a prison disciplinary proceeding or a placement determination"). Although Brown has appealed that judgment, a "case pending appeal is res judicata . . . until reversed on appeal." *Fidelity Standard Life Ins. Co. v. First Nat'l Bank & Trust Co.*, 510 F.2d 272, 273 (5th Cir. 1975) *cert. denied*, 423 U.S. 864 (1975); *Hernandez v. Rice*, 5 F.3d 529, n.1 (5th Cir. 1993).

Additionally, any concerns that may prevent a court from raising res judicata sua sponte are not at issue here. Brown "can claim no surprise or prejudice." *Am. Furniture Co.*, 721 F.2d at 482. He filed the two cases within months of each other and was simultaneously litigating both claims. And Brown is clearly aware of the adverse judgment in California as he has appealed the judgment to the Ninth Circuit.

Alternatively, to the extent a *Bivens* claim in this Court is not barred by res judicata raised sua sponte, it must be dismissed for improper venue.[1] Furthermore, even if venue were proper, the claim only makes allegations against Warden McConnell, who was not involved in the disciplinary charge or conviction at USP-Atwater.

---

[1] Title 28 U.S.C. § 1391(b) permits venue only in the judicial district where all the defendants reside or in which a substantial part of the events or omissions giving rise to the claim occurred. The disciplinary conviction and events leading to Brown's conviction occurred in California, which is also where all involved parties are located.

In the event the Ninth Circuit would reverse the Judgment in California thereby reopening the *Bivens* claim there, a potential *Bivens* claim in this Court arising out of the disciplinary conviction at USP-Atwater would be subject to dismissal as duplicative.[2]

## CONCLUSION

For the forgoing reasons, any intended *Bivens* claim based upon Brown's disciplinary conviction at USP-Atwater is hereby DENIED as barred by the doctrine of res judicata and the Complaint [ECF No. 1] is DISMISSED WITH PREJUDICE.

THUS, DONE AND SIGNED in Chambers on this 26th day of January 2022.

_____
DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE

---

[2] *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("it is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff").